```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH BLAISE BIEN-AIME,

                            Plaintiff,

                -v.-

DOCCS; 6 BUILDING RYKERS ISLAND;
CAPTAIN KELLY; JANE DOE; JOHN DOE 1;
JOHN DOE 2,

                            Defendants.

24 Civ. 8797 (JHR) (BCM)

ORDER OF SERVICE

JENNIFER H. REARDEN, United States District Judge:

Plaintiff Elijah Blaise Bien-Aime, who is appearing *pro se* and is currently incarcerated in the United States Penitentiary (Big Sandy), located in Inez, Kentucky, brings this action asserting claims for damages under 42 U.S.C. § 1983.  His claims arise from alleged events while he was held in an unspecified New York City Department of Correction ("NYCDOC") jail on Rikers Island.  Plaintiff sues: (1) "DOCCS"; (2) "'6 [B]uilding' Rykers Island"; (3) NYCDOC Correction Captain Kelly; and (4) three unidentified "John Doe" or "Jane Doe" NYCDOC Correction Officers.  The Court construes Plaintiff's complaint as asserting claims under Section 1983, as well as claims under state law.

By order dated January 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  For the reasons discussed below, the Court (1) dismisses Plaintiff's claims under Section 1983 against "'6 [B]uilding' Rykers Island"; (2) dismisses all of Plaintiff's claims against "DOCCS"; and (3) directs the Clerk of Court to add the City of New York as a Defendant, pursuant to Rule 21 of the Federal Rules of Civil

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

Procedure.  The Court also (4) requests that Captain Kelly and the City of New York waive service of summonses; (5) directs Captain Kelly and the City of New York to comply with Local Civil Rule 33.2; and (6) directs the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities and badge numbers of the unidentified "Jane Doe" and "John Doe" Defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal in any of these scenarios, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially

plausible if the plaintiff pleads sufficient factual detail to allow the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether the latter makes it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A.    Claims under Section 1983 against "'6 [B]uilding' Rykers Island"

The Court understands Plaintiff's complaint as asserting only claims under Section 1983 against "'6 [B]uilding' Rykers Island," which appears to be a reference to a jail on Rikers Island. The Court must dismiss these claims. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). A jail, however, is not a "person" for the purpose of Section 1983 liability. *See, e.g.*, *Williams v. Fryermuth*, 23 Civ. 2156 (PMH), 2024 WL 4557444, at *3 (S.D.N.Y. Oct. 23, 2024). The Court therefore dismisses Plaintiff's claims under Section 1983 against "'6 [B]uilding' Rykers Island" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Claims against DOCCS

Normally, a *pro se* litigant's reference to "DOCCS" is a reference to the New York State Department of Corrections and Community Supervision. Because Plaintiff alleges that the events giving rise to his claims occurred in a jail on Rikers Island, however, which is operated by the NYCDOC, the Court interprets Plaintiff's reference to DOCCS as a reference to the

NYCDOC.  Nonetheless, the Court must dismiss Plaintiff's claims against the NYCDOC.  As an agency of the City of New York, the NYCDOC is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *see also Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (summary order) (the NYCDOC is not a "suable entity"); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  The Court therefore dismisses Plaintiff's claims against the NYCDOC for failure to state a claim on which relief may be granted.  *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, however, including his claims against "'6 [B]uilding' Rykers Island", the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to replace DOCCS with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses that the City of New York may wish to assert.

## C.    Captain Kelly and the City of New York

The Court directs the Clerk of Court to electronically notify the NYCDOC and the New York City Law Department of this Order.  The Court requests that Captain Kelly (a female NYCDOC Correction Captain assigned to the NYCDOC Rikers Island facility where Plaintiff was held on February 14, 2022) and the City of New York waive service of summonses.

**D.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  These discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of the date of this Order, Captain Kelly and the City of New York must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[2]

**E.     The unidentified "Jane Doe" and "John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In his complaint, Plaintiff provides sufficient information to permit the NYCDOC to identify the unidentified "Jane Doe" and "John Doe" Defendants; they include: (1) a female NYCDOC Correction Officer who was present in the same jail on Rikers Island as Plaintiff on February 14, 2022, and who, on that date, sprayed Plaintiff with a chemical agent and escorted Plaintiff, while Plaintiff was handcuffed, to a shower area in that jail; (2) a male NYCDOC Correction Officer who was present in the same jail on Rikers Island as Plaintiff on February 14, 2022, and who, on that date, along with "Jane Doe," escorted Plaintiff, while Plaintiff was handcuffed, to a shower area in that jail; and (3) another male NYCDOC Correction Officer who was present in the same jail on Rikers Island as Plaintiff on February 14, 2022, and who was present with Plaintiff while Plaintiff was in that shower area and handcuffed.  It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYCDOC, ascertain the identities and badge numbers of

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, he may request them from the court's Pro Se Intake Unit.

those unidentified Defendants.  The Corporation Counsel must provide this information to the Court and to Plaintiff within sixty days of the date of this Order.[3]

Within thirty days of receiving the above-referenced information, Plaintiff must file an amended complaint naming those newly identified individuals as Defendants and providing their badge numbers.  The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order requesting that the newly identified Defendants waive service of summonses and comply with Local Civil Rule 33.2.

## CONCLUSION

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against "'6 [B]uilding' Rykers Island" and all of Plaintiff's claims against "DOCCS," which the Court construes to be the New York City Department of Correction ("NYCDOC"), for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to add the City of New York as a Defendant.  *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to electronically notify the NYCDOC and the New York City Law Department of this Order.  The Court requests that Captain Kelly (a female

---

[3] If any of the unidentified "Jane Doe" or "John Doe" defendants is a current or former NYCDOC employee or official, then the Corporation Counsel should note in its response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYCDOC defendants, rather than by personal service at a NYCDOC facility.  If any such defendant is not a current or former DOC employee or official but otherwise works or worked at a NYCDOC facility, the Corporation Counsel must provide a residential address where the individual may be served.

NYCDOC Correction Captain assigned to the NYCDOC Rikers Island facility where Plaintiff was held on February 14, 2022) and the City of New York waive service of summonses.

The Court further directs that Captain Kelly and the City of New York comply with Local Civil Rule 33.2 within 120 days of the date of this Order.

The Court additionally directs the Clerk of Court to mail a copy of this Order and a copy of the complaint to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

An amended complaint form is attached to this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 6, 2025
        New York, New York

JENNIFER H. REARDEN
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                           State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 2:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 3:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 4:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____              _____
Dated                                                          Plaintiff's Signature

_____
First Name                         Middle Initial               Last Name

_____
Prison Address

_____
County, City                                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____